IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEREMY JOHN BERKHEIMER,       )
                              )
            Plaintiff,        )
                              )
    -vs-                      )  Civil Action No. 15-95
                              )
CAROLYN W. COLVIN,            )
COMMISSIONER OF SOCIAL SECURITY, )
                              )
            Defendant.        )

AMBROSE, Senior District Judge.

**OPINION**
**and**
**ORDER OF COURT**

**SYNOPSIS**

Pending before the Court are cross Motions for Summary Judgment. (ECF Nos. 12 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13, 15 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Defendant's Motion for Summary Judgment (ECF No. 14) and granting Plaintiff's Motion for Summary Judgment. (ECF No. 12).

**I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed his application alleging he had been disabled since September 30, 2011. (ECF No. 9-6, p. 25) Administrative Law Judge ("ALJ"), Charles Pankow, held a hearing on March 6, 2014. (ECF No. 9-2, pp. 35-72). On October 7, 2014, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. -2, pp. 21-30). After exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

1

The parties have filed Cross-Motions for Summary Judgment. (ECF No. 12 and 14). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.      VA Rating Decisions

Plaintiff argues that the ALJ erred in giving little weight to the VA rating opinion. (ECF No. 13, pp. 2-5; No. 16, pp. 1-4). A decision rendered by the VA is relevant and should not be ignored. Indeed, the Third Circuit Court of Appeals has instructed that "a determination by another governmental agency is entitled to substantial weight." *Kane v. Heckler,* 776 F.2d 1130, 1135 (3d Cir. 1985). Of course, a decision by another governmental agency that an individual is disabled is not binding upon the ALJ. *See,* 20 C.F.R. §§404.1504, 416.904; *see also, Pratts v. Comm'r of Soc. Sec.,* Civ. No. 13-2372, 2015 WL 5139148 at *14 (D.N.J. Sept. 1, 2015); *Alston v. Astrue,* Civ. No. 10-839, 2011 WL 4737605 at *5 (W.D. Pa. Oct. 5, 2011). In other words, "'[a] VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies are different but it is evidence that is entitled to a certain

3

amount of weight and must be considered by the ALJ.'" *Malcom v. Barnhart,* 448 F.Supp.2d 595 (D. Del. 2006), *quoting, Chambliss v. Massanari,* 269 F.3d 520, 522 (5th Cir. 2001); 20 C.F.R. § 404.1512(b)(1)(v). Thus, an ALJ may give less weight to a VA disability rating so long as the ALJ sets forth specific and valid reasons for so doing and those reasons are supported substantial evidence of record. *Chambliss,* 269 F.3d at 522 (ALJ must "adequately explain the valid reasons for not" giving great weight to a VA rating). Therefore, it is reversible error "where 'the ALJ rejected the V.A. determination solely on the differences between the standard for disability between the V.A. and the SSA, with no analysis of the facts.'" *Pratts,* 2015 WL 5139148 at *15 (internal citations omitted).

In this case, the ALJ acknowledged the VA rating of 100% disabled but afforded it "little weight in that it is inconsistent with the objective medical evidence of record and varies from the standard used to determined (sic) disability for Social Security purposes." (ECF No. 9-2, p. 28). This is the entirety of the reason articulated by the ALJ. *Id.* He failed to give any other reason or explanation for rejecting this evidence, other than the conclusory statement that it is inconsistent with the objective medical evidence. The ALJ failed to give specific and valid reasons for giving the rating opinion little weight. His lack of discussion prohibits me from conducting a meaningful review. As a result, I find the ALJ's conclusory basis for dismissing the VA's decision rating, without any analysis of the same, was error. *Pratts,* 2015 WL 5139148 at *15. Therefore, remand on this issue is warranted.

Since I have determined that remand is warranted on this issue, I need not discuss the remaining issues[1] as those analyses may change on remand.

An appropriate order shall follow.

---

[1]The core remaining issue is that the ALJ's residual functional capacity "is legally insufficient because it is grossly inconsistent with the evidence of record documenting marked limitations in social functioning which the ALJ found credible." *See,* ECF No. 13, pp. 15-22.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEREMY JOHN BERKHEIMER, )
)
        Plaintiff, )
)
  -vs- ) Civil Action No. 15-95
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge
.

## **ORDER OF COURT**

AND now, this 13th day of October, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 12) is granted and Defendant's Motion for Summary Judgment (ECF No. 14) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                        BY THE COURT:

                                        s/   Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        United States Senior District Judge